UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMEL POPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 16-1059-SLD |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This cause is before the Court on Defendants' motion to dismiss for lack of prosecution and on Plaintiff's motion to deny Defendants' motion to dismiss.

Defendants move the Court to dismiss this case as a sanction against Plaintiff Jermel Pope based upon his failure or refusal to engage in the discovery process. Specifically, Defendants represent that Pope failed to appear for his properly noticed deposition as scheduled. Although Pope received Defendants' notice and a letter from defense counsel regarding the deposition, Pope did not appear for the deposition, and he did not contact defense counsel to re-schedule the deposition or to make other arrangements. Accordingly, Defendants ask the Court either to dismiss this case or to award them their expenses incurred with respect to convening the deposition, including the fees of the court reporter, cost of the deposition transcript, and the travel expenses of Bureau of Prisons agency counsel, as a sanction for Pope's failure to appear for his scheduled deposition.

Pope moves the Court to deny Defendants' motion. Pope asserts that he has a Sixth Amendment right to have counsel present at the deposition and that the Court should absolve him of his obligation to be deposed or should appoint counsel to represent him. In addition,

1

Pope claims that he cannot leave the Northern District of Illinois without the permission of his probation officer and that he did not receive the notice of deposition in time to make arrangements and to obtain the permission from his probation officer to attend the deposition. Not wanting to violate his supervised release, Pope did not leave the Northern District in order to travel to attend his deposition. Accordingly, Pope asks the Court to deny Defendants' motion for sanctions.

Pope is incorrect as a matter of law that the Sixth Amendment guarantees him the right to counsel in a civil case such as this; it does not. *Wilborn v. Ealey*, ___ F.3d ___, 2018 WL 740183 (7th Cir. Feb. 7, 2018). In addition, Pope is currently not in custody, and therefore, he is not hampered by the restraints normally associated with being detained by the IDOC in finding counsel on his own to represent him.

Nevertheless, the Court will not dismiss this case at this time for two reasons. *First*, the Court does not want Pope to violate the terms of his supervised release by traveling outside the Northern District of Illinois without proper permission. Pope has represented that he did not receive Defendants' notice of deposition in sufficient time to obtain that permission. Accordingly, the Court will provide Defendants with another opportunity to depose Pope. Defendants should either provide a sufficient time frame for Pope to obtain the permission necessary to leave the Northern District of Illinois for purposes of the deposition, or Defendants should depose Pope in the Northern District.

*Second*, the Court is cognizant that, generally, it should provide a "warning shot" prior to dismissing a case as a sanction. *Beyer v. Cormier*, 235 F.3d 1039, 1041 (7th Cir. 2000); *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 733-34 (7th Cir. 2013). The Court did not provide a clear

"warning shot" to Pope regarding his failure to attend a properly scheduled and noticed deposition. The Court does so now.

Federal Rule of Civil Procedure 37(b)(2)(v) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders [including] . . . (v) dismissing the action or proceeding in whole or in part . . . ." *Id*. In addition, Rule 37(d) authorizes a district court to sanction a party for failing to appear for a properly noticed deposition or failing to answer questions during a properly noticed deposition. *Id*.; *Prude v. Clark*, 2016 WL 633366, * 6 (E.D. Wis. Feb. 17, 2016). "Factors relevant to the decision to dismiss include the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit. With those factors in mind, a court may dismiss a suit after the plaintiff has willfully refused to comply with discovery orders and the plaintiff has been warned that noncompliance may lead to dismissal." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015)(internal citations omitted).

Here, the Court will first try the lesser sanction of imposing costs against Pope before dismissing this case. The Court understands that Pope may not have been able to attend the deposition as scheduled. However, litigants cannot simply ignore a deposition notice or the Federal Rules of Civil Procedure. Pope should have contacted defense counsel upon receipt of the deposition notice to make other arrangements. Pope did nothing, and his inaction caused Defendants to incur costs that they should not have had to incur.

Accordingly, the Court will require Pope to bear those costs as a sanction for failing to appear or otherwise notify Defendants of his inability to appear for his deposition. Defendants do not reveal the amount of those costs. Accordingly, Defendants should file a notice or

statement with the Court indicating the costs that they incurred as a result of Pope's failure to appear and the amount that they want the Court to consider imposing upon Pope as a sanction. Assuming that the amount is reasonable, the Court will require Pope to pay these costs. Defendants should file their notice or statement within seven days from the date of this Order. Once the Court imposes those costs upon Pope, he will have twenty-one (21) days from the date of the Order to pay those costs to Defendants. Should Pope fail to pay those costs timely or should he fail to appear for a re-scheduled deposition, the Court will, upon receipt of a proper motion from Defendants seeking such relief, dismiss this case as a sanction for failure to comply with this Court's Order and with the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED:**

**1. Plaintiff's motion to deny Defendants' motion to dismiss [82] is DENIED.**

**2. Defendants' motion to dismiss for lack of prosecution [79] is GRANTED, in part, and DENIED, in part. Defendants' motion to dismiss this case as a sanction for Plaintiff's failure to appear at his properly scheduled and noticed deposition is denied. However, Defendants' alternative request for sanctions is granted, and the Court will impose the costs incurred by Defendants as a result of Plaintiff's failure to appear at his deposition against Plaintiff.**

**3. Defendants are ordered to file a notice or statement with the Court indicating the costs that they incurred as a result of Plaintiff's failure to appear at his deposition and the amount that they want the Court to impose upon Plaintiff as a sanction. Assuming that the amount is reasonable, the Court will require Plaintiff to pay these costs. Defendants should file their notice or statement with the Court within seven days from the date of this Order. Once the Court imposes those costs upon Plaintiff, he will have twenty-one (21)**

**days from the date of the Order to pay those costs to Defendants. Should Plaintiff fail to pay those costs timely or should he fail to appear for a re-scheduled deposition, the Court will, upon receipt of a proper motion from Defendants seeking such relief, dismiss this case as a sanction for failure to comply with this Court's Order and with the Federal Rules of Civil Procedure.**

      **4.** **In light of this Order, the Court** *sua sponte* **resets the discovery deadline to March 30, 2018, and reset the dispositive motion deadline to April 27, 2018.**

Entered this __9th____ day of February, 2018

                                              _____s/ Sara L. Darrow_____
                                                    SARA L. DARROW
                                      UNITED STATES DISTRICT JUDGE